[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The present action was instituted by Harold F. Brunault on behalf of the minor plaintiff, Leo P. Mariani, Jr., by a CT Page 10508 one count complaint dated June 11, 1991. The complaint alleges that on or about June 16, 1989, the plaintiff sustained personal injuries as a consequence of a fireworks accident. The complaint further alleges that plaintiff's injuries were caused by the negligence of his parents, Leo P. Mariani, Sr. and Marie Mariani. Defendants filed a motion to strike the complaint on the ground of parent-child immunity.
The court in Dzenutis v. Dzenutis, 200 Conn. 290,512 A.2d 130 (1986), in discussing the law on parent-child immunity stated:
 In Mesite v. Kirchenstein, 109 Conn. 77, 84, 145 A. 753 (1929), this court first adopted the rule barring an unemancipated minor child from suing his parent for injuries caused by the negligence of his parent. "Authority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything which undermines this authority, brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the State. Few things could bring about this unhappy condition more quickly or widen the breach between parent and child further than the bringing of an action at law for personal injuries by a minor child against the parent. Such unseemly family discord is injurious to the public welfare, to such a degree that all the courts of this country, which have had occasion to express their opinion upon the right of the minor to maintain such an action, have declared that the exercise of this right is against sound public policy." Id. 84.
Dzenutis; supra, 298.
The statutory exceptions to parent-child immunity are set forth in General Statutes 52-572c which states:
 In all actions for negligence in the operation of a motor vehicle, and in all actions accruing on or after October 1, 1979, for negligence in the operation of an aircraft or vessel, as defined in section 15-127, resulting in personal injury, wrongful death or injury to property, the immunity between parent child in such negligence action brought by a parent against his child or by or on behalf of a child against his parent is abrogated.
CT Page 10509
General Statutes 52-572c.
Pursuant to Dzenutis and the General Statutes, the law in Connecticut is that an unemancipated minor cannot maintain an ordinary negligence action for damages for personal injuries against his parents. In the present action the plaintiff was injured at the family residence when he was playing with fireworks. These facts do not fall within any known exceptions to parent-child immunity. Accordingly, the defendant's motion to strike the complaint is granted.
M. HENNESSEY, JUDGE